IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DOREK ROBERSON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SANDI WEST; MR. CLARK; MR. SMITH; and MS. ERIN, all in their individual capacities,<br><br>　　　　　Defendants. | CIVIL ACTION NO.: 6:18-cv-35 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Hays State Prison in Trion, Georgia, filed a 42 U.S.C. § 1983 Complaint contesting certain events occurring during his confinement at Smith State Prison in Glennville, Georgia. Doc. 1. The Court now screens Plaintiff's Complaint and supplements, as directed by 28 U.S.C. §1915A. For the following reasons, I find that Plaintiff makes non-frivolous allegations that Defendants West, Erin, and Clarke were deliberately indifferent to a known danger to Plaintiff and that Defendants McIntosh and Whitley were deliberately indifferent to his medical needs. I **DIRECT** the United States Marshal to serve a copy of Plaintiff's Complaint and Supplement, docs. 1, 22, and this Order on Defendants. I also **DIRECT** the Clerk of Court to add Nurse McIntosh and Lieutenant Whitley as Defendants upon the docket and record of this case. I **DENY as moot** Plaintiff's Motion for Continuance, doc. 16, and **GRANT** Plaintiff's Motion to Amend, doc. 18, and Motions for Leave to File Supplemental Complaints, docs. 19, 22. I further **RECOMMEND** the Court **GRANT**

Plaintiff's Motion to Dismiss Mr. Smith from this case, doc. 20, and **DISMISS** Defendant Smith from this action **without prejudice**.

## BACKGROUND

On April 2, 2018, Plaintiff filed a Complaint alleging that he was assaulted on January 14, 2018 at approximately 10:45 p.m. and beaten unconscious by several gang members while incarcerated at Smith State Prison.[1]  Doc. 1 at 6.  Plaintiff alleges that in November 2017, he wrote to Defendant West, his Unit Manager, and Defendants Smith, Erin, and Clark, all Deputy Wardens.  Id. at 5.  Plaintiff claims that he informed Defendants that if he was placed in general population there would likely be a conflict due to his cousin, who was also apparently Plaintiff's codefendant in a criminal case, being housed at Smith State Prison.  Id.  However, Defendants allegedly took no action to protect Plaintiff, and he was subsequently assaulted by various gang members.  Id.  Plaintiff alleges that the assault left him with two swollen eyes and multiple fractures to his face.  Id. at 10.  Plaintiff alleges that, after the assault, Lieutenant Whitfield took Plaintiff's statement in Tier II, but that Plaintiff did not receive medical treatment until approximately 15 hours later when he was taken to the hospital.  Id.

Plaintiff alleges that Director of Nursing McIntosh is liable for the delay in his medical treatment for "not having here medical staff on post."  Id. at 8.  Plaintiff further alleges that Defendants West, Smith, Erin, and Clark are liable for exhibiting deliberate indifference to Plaintiff's safety and failing to protect him from the threat posed by other inmates.  Id. at 8–9. Plaintiff requests nominal, compensatory, and punitive damages.  Id. at 11.

Plaintiff subsequently filed a Motion for a Continuance, asking the Court to delay proceedings, as he had been transferred to Valdosta State Prison and had lost access to his "legal

---

[1] Plaintiff does not provide the date of his assault in his original Complaint, doc. 1, but indicates that he was assaulted on January 14, 2018 in his Supplemental Complaint.  Doc. 19-3 at 4.

materials and court documents at Smith State Prison." Doc. 16. Plaintiff filed an Amended Complaint, doc. 18, and two Motions to File Supplemental Complaints, docs. 19, 22. In his final proposed supplement, Plaintiff appears to allege a claim against Lieutenant Whitfield for the delay in obtaining medical treatment for Plaintiff. Doc. 22 at 5. Specifically, Plaintiff alleges that Lieutenant Whitfield left Plaintiff in the shower for several hours before taking him to a Tier II cell. Id. Plaintiff requests that the Court disregard his previous two proposed amendments. Doc. 22-1. Plaintiff also filed a motion asking the Court to dismiss Defendant Smith from this case. Doc. 20.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.    Plaintiff's Operative Complaint and Allegations**

Plaintiff filed his Amended Complaint and two Motions to File Supplemental Complaints.   Plaintiff may amend his Complaint once as a matter of right because no Defendants have been served in this case.   Fed. R. Civ. P. 15(a)(1).   The Court, accordingly, **GRANTS** Plaintiff's Motion to Amend.   Doc. 18.   Additional amendments require Plaintiff to obtain leave from the Court.   Fed. R. Civ. P. 15(a)(2).   Because no party has been served in this case, the Court finds that it is in the interests of justice to allow Plaintiff to supplement his Complaint and **GRANTS** Plaintiff's Motions for Leave to File Supplemental Complaints.   Docs. 19, 22.   Plaintiff requests in his final proposed Supplemental Complaint that the Court not consider his prior amendment or supplement.   Doc. 22-1.   The Court grants that request and considers only Plaintiff's initial Complaint and his final supplement when evaluating his Complaint.

Considering both of those documents jointly, Plaintiff asserts claims against Defendants West, Clark, Smith, and Erin, as well as Director of Nursing McIntosh and Lieutenant Whitfield.   However, Plaintiff also requests that the Court **DISMISS** Defendant Smith from this lawsuit.   Doc. 20.   I, therefore, consider Plaintiff's allegations against all Defendants except for Defendant Smith and **RECOMMEND** the Court **GRANT** Plaintiff's Motion to Dismiss Defendant Smith from this case.   Id.   The Court further **DENIES as moot** Plaintiff's Motion for a Continuance, as Plaintiff has been transferred to Hays State Prison, where he has resided since December 10, 2018, and Plaintiff has not expressed any further difficulty with accessing legal materials.

## II.     Deliberate Indifference Claims

### A.     Defendants West, Clark, and Erin

Plaintiff alleges that Defendants West, Clark, and Erin were deliberately indifferent to the danger posed to Plaintiff's safety by gang members who subsequently assaulted him.  Doc. 1 at 5–6.  "The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety." Smith v. Owens, 625 F. App'x 924, 927 (11th Cir. 2015) (citing Hope v. Pelzer, 539 U.S. 730, 737–38 (2002)).  However, a plaintiff must plead more than mere negligence to state a claim for an Eighth Amendment violation.  Smalls v. Berrios, Case No: 3:06cv95, 2007 WL 1827465, at *5 (N.D. Fla. June 25, 2007).  A plaintiff must instead show: (1) an objective, serious risk of physical harm; (2) a subjective, deliberate indifference by defendant to that risk; and (3) causation.  Id. at *4; Alexander v. Barefield, Case No: 5:06cv22, 2007 WL 1655383, at*3–4 (N.D. Fla. June 7, 2007).  The second, subjective component is met where a defendant disregards a known, clear risk to a prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835–37 (1994).

Here, Plaintiff alleges that he wrote a letter to Defendants West, Clark, and Erin, informing them that he would be at risk if placed in general population due to the presence of his cousin and co-defendant.  Doc. 1 at 5.  Plaintiff further alleges that Defendants took no action in response to his letter, and that gang members assaulted him approximately two months later. Id. at 6.  Plaintiff, therefore, makes a non-frivolous allegation that Defendants exhibited deliberate indifference to a serious risk of harm to Plaintiff's safety, despite being informed of that risk, and that Plaintiff suffered harm as a result.  Accordingly, Plaintiff may proceed on his claims for deliberate indifference against Defendants West, Clark, and Erin.

6

### B.    Claims Against McIntosh and Whitley

Plaintiff alleges that McIntosh and Whitely were deliberately indifferent to his need for medical care, and, as a result, Plaintiff did not receive medical treatment until approximately 15 hours after his assault.   The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate.   Farmer, 511 U.S. at 828.   However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."   Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105).   Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."   Estelle, 429 U.S. at 106 .

Here, Plaintiff alleges that he had a serious medical need as a result of the assault which occurred and further alleges that Whitley and McIntosh did not provide him with medical treatment until taking him to a hospital 15 hours after his assault.   Doc. 22 at 5.   Plaintiff, therefore, makes non-frivolous allegations that Whitley and McIntosh were deliberately indifferent to his medical needs, and Plaintiff may proceed as to those claims.

### REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff states a colorable claim against Defendants West, Clark, Erin, McIntosh, and Whitley.   The Court provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned **DIRECTS** that service be effected by the United States Marshal.   Fed. R. Civ. P. 4(c)(3).   In most cases, the

marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel.  Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.  Id.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest

11

Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## CONCLUSION

For the forgoing reasons, I find that Plaintiff makes non-frivolous allegations that Defendants West, Erin, and Clarke were deliberately indifferent to a known danger to Plaintiff, and that Defendants McIntosh and Whitley were deliberately indifferent to his medical needs. I **DIRECT** the United States Marshal to serve a copy of Plaintiff's Complaint and Supplement, docs. 1, 22, and this Order on Defendants. I also **DIRECT** the Clerk of Court to add Nurse McIntosh and Lieutenant Whitley as Defendants upon the docket and record of this case. I **DENY as moot** Plaintiff's Motion for Continuance, doc. 16, and **GRANT** Plaintiff's Motion to Amend, doc. 18, and Motions for Leave to file Supplemental Complaints, docs. 19, 22. I further **RECOMMEND** the Court **GRANT** Plaintiff's Motion to Dismiss Mr. Smith from this case, doc. 20, and **DISMISS** Defendant Smith from this action **without prejudice**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of July, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA